REUBEN ALLPHIN v. THE STATE.

CONTINUANCE.—Where a party charged with crime, for whom the court has assigned counsel, shows in his application for continuance that he applied for process for an absent witness on the day when he was brought from prison to the court, and that he did not sooner apply because, by the rules of the prison in which he was confined, he was completely secluded from the outside world, and had been unable to procure counsel by reason of the manner of his confinement, and it appeared that the evidence detailed on the trial, in connection with the facts, which it was stated the absent witness would testify to, might have produced a different result: *Held*, that the continuance should have been granted.

APPEAL from Walker. Tried below before the Hon. J. R. Burnett.

*Randolph & McKenney*, for appellant.

*George Clark, Attorney General*, for the State.

ROBERTS, CHIEF JUSTICE.—The defendant was tried and convicted for murder in the second degree. His punishment was assessed at five years' labor in the penitentiary.

It appears in the record that the defendant was brought into court on the 24th day of November, 1873, when counsel was assigned him. On the same day he had a subpœna issued for two witnesses—J. F. Vann and Poll Roark—who resided in Walker county. On the 26th, the case coming on for trial, he made an application for a continuance on account of the absence of said witnesses, neither

of whom had been served with a subpœna. He states as a reason why he had not sooner sought to have the witnesses in attendance upon the court, that he had been confined in the penitentiary, and "that by the rules of the prison in which he is confined he is completely secluded from the outside world, and has been unable to procure counsel at all on account of the manner of his confinement."

It appears that a previous indictment for the same offense had been found at the term next preceding, which had been quashed by the District Attorney for some clerical error, and a new one found at the time stated, and that he had been arrested and confined in jail about two months before the term of the court when he made his application for a continuance.

This previous confinement upon the same charge would have imposed upon him the duty of preparing for his trial sooner, had he not accounted for it by showing that he was confined in the penitentiary as stated, and the fact that the court had to assign him counsel renders it altogether probable that he in fact had neither the opportunity to prepare for trial nor the means of knowing the necessity for it. He states, also, that he expects to prove by said witnesses that Davenport, the party slain, at the time of the killing, together with others, was advancing on him "in a threatening manner, the said Davenport being armed with a large stick;" and by said Vann he expected to prove that the "said Davenport had threatened a few minutes before the killing to beat the defendant to death; that he made these threats in the presence of defendant." One of the witnesses, Roark, was in court on the day of the trial, which was the 28th day of November, 1873; the other witness, Vann, was not served with a subpœna, and on the 25th of that month a forfeiture of his bonds had been taken in three cases of misdemeanor, as stated by the judge, which rendered it improbable, as believed by the judge, that his attendance could be procured, and for these rea-

sons the application for a continuance was refused by the court, which was excepted to, and a bill of exceptions taken on said ruling of the court.

Another bill of exception was taken to the ruling of the court in excluding from the jury the testimony offered by defendant to prove "that the deceased was a man of dangerous character."

The evidence on the trial showed plainly that the deceased commenced the altercation, and, with several others apparently acting in concert with him, followed up the defendant from place to place, seeking a difficulty with him of some sort; and one of the witnesses said, that as deceased with his crowd, talking angrily, approached defendant, he, deceased, had a plank in his hand. Now, if defendant could have in this connection proved, as he said he could by Vann, a violent threat to beat him to death, made in presence of defendant only a few minutes before this hostile advance with his party, it would certainly have been both pertinent and important evidence in his defense. And such a threat, and such a demonstration to carry it out, would certainly have rendered admissible the evidence offered by defendant to prove the dangerous character of the deceased. (Pas. Dig., art. 2270.)

We have had no little difficulty in coming to a satisfactory conclusion upon the points presented in this case.

Under the facts as exhibited in the record, the excuse rendered by the defendant for exercising no greater diligence in procuring the testimony of his important witness, J. F. Vann, we think is reasonable; and not being able to say that his testimony, as to the threats of the deceased, with the probably consequent addition of the proof of the dangerous character of the deceased, might not have been sufficient to have produced a different verdict in the minds of the jury, we are constrained to reverse the judgment in this case, because of the error in the court in not granting the application for a continuance. It was in substantial

compliance with the statute providing for a first continu-
ance, as nearly as could be expected, considering the per-
son and the circumstances.    (Pas. Dig., art. 2987.)

REVERSED AND REMANDED.